IN THE UNITED STATE DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHAEL McCOLE,                )
                               )
           Petitioner,         )
                               )
     vs.                       )    CIVIL ACTION NO. 04-261E
                               )
PA BD OF PROBATION & PAROLE,   )
                               )
           Respondent          )

### MOTION TO AMEND PETITION FOR WRIT OF HABEAS CORPUS

And Now Comes, pro-se Petitioner, Michael McCole who respectfully represents.

I am proceeding without the benefit of an attorney in an action against the Pennsylvania Parole Board alleging that the Board violated my rights pursuant to the Ex Post Facto clause to the U.S. Constitution.

The Court has granted me permission to proceed in forma pauperis and has ordered that the Respondents be served and answer the Petition for Writ of Habeas Corpus.

The Respondents have in fact serviced Petitioner with their Answer and within ten days or so Petitioner's Response in the nature of a Traverse was served on Respondents and filed with the Court's Clerk of Courts.

The Court has not rendered a decision on the merits of the petition for Writ of Habeas Corpus.

In the meantime, the Third Circuit recently decided <u>Defoy v. MuCullough</u>, 2005 WL 14809 (C.A.3 (Pa.) 2005) and held that with the exception of <u>ex post facto</u> claims, all other constitutional claims against the Parole Board may be raised

on federal habeas corpus without the need to exhaust the issues through the state courts.1/ The relevant <u>Defoy</u> holding is attached hereto as Exhibit A.

Petitioner is desirous of raising one additional habeas corpus claim for the Court to consider on its merits.

The claim's foundation is based on the Fourteenth Amendment Due Process Clause of the United States Constitution. <u>See</u> Brief in Suport.

This Motion is filed in good faith and is not intended to prejudice the opposing party.

The granting of this Motion would be in the interests of justice and would not hamper a speedy disposition of the habeas corpus petition.

Petitioner believes that the 14th Amendment claim entitle him to relief. The proposed amendment is filed and served herewith.

**Wherefore,** on the basis of the foregoing and in consideration of the accompanying brief and proposed Amendment,* Petitioner prays in relief that the Court grant this Motion to Amend Petition For Writ of Habeas Corpus.

Respetfully submitted,

Michael McCole
AS 0521
SCI Frackville
1111 Altamont Boulevard
Frackville, PA  17931

---

1/ Petitioner's <u>ex post facto</u> claim has been raised in a timely manner to the PA Commonwealth Court and then on direct appeal to the State Supreme Court.

* The proposed Amendment is attached to this Motion.

Exhibit A

2005 WL 14809, Defoy v. Mccullough, (C.A.3 (Pa.) 2005)                                    Page 1

**\*14809**  Only the Westlaw citation is currently available.

United States Court of Appeals, Third Circuit.

**Robert DEFOY, Appellant**
v.
**John M. MCCULLOUGH, Superintendent: Gerald J. Pappert, Att. General: Pennsylvania Board of Probation and Parole.**

No. 03-3474.
Argued May 11, 2004.

Jan. 4, 2005.

**Background:** Petitioner brought habeas petition challenging denial of parole based on allegedly unconstitutional factor. The United States District Court for the Western District of Pennsylvania, Sean J. McLaughlin, J., dismissed claims as unexhausted. Petitioner appealed.

**Holdings:** The Court of Appeals, Nygaard, Circuit Judge, held that:

(1) completion of sentence did not moot challenge to denial of parole as to petitioner who was currently serving consecutive sentence, and

(2) petitioner was not required to seek writ of mandamus in order to exhaust state remedies on claim that parole was denied based on unconstitutional factor.

Reversed and remanded.

Weis, Circuit Judge, filed concurring opinion.

[1] Habeas Corpus ⚞══224.1

197 ----

  197I In General
  197I(A) In General
   197I(A)2 Necessity and Effect of Writ; Mootness and Prematurity
    197k224 Petitioner Released or Discharged; Expired Sentences
     197k224.1 In General.

Petition for habeas corpus relief generally becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition. 28 U.S.C.A. § 2254.

[2] Habeas Corpus ⚞══229

197 ----

  197I In General
  197I(A) In General
   197I(A)2 Necessity and Effect of Writ; Mootness and Prematurity
    197k229 Successive Sentences; Anticipated Confinement.

Petition for habeas corpus based on denial of parole was not mooted by prisoner's completion of challenged sentence where prisoner was still serving a consecutive sentence imposed by a different court at a different time, inasmuch as effect of any error in initial sentence was to delay start of latter and any habeas remedy might affect release date on sentence that petitioner was currently serving. 28 U.S.C.A. § 2254.

[3] Habeas Corpus ⚞══226

197 ----

  197I In General
  197I(A) In General
   197I(A)2 Necessity and Effect of Writ; Mootness and Prematurity
    197k226 Collateral Consequences, in General.

The doctrine of collateral consequences applies as exception to mootness arising from release from custody on challenged conviction where habeas petitioner can demonstrate he will suffer some collateral consequences if his conviction is allowed to stand. 28 U.S.C.A. § 2254.

[4] Habeas Corpus ⚞══226

197 ----

  197I In General
  197I(A) In General
   197I(A)2 Necessity and Effect of Writ; Mootness and Prematurity
    197k226 Collateral Consequences, in General.

It is a habeas petitioner's burden to demonstrate that collateral consequences exist to avoid having a habeas petition dismissed as moot because of completion of sentence. 28 U.S.C.A. § 2254.

[5] Habeas Corpus ⚞══226

© 2005 Thomson/West. No claim to original U.S. Govt. works.

Exhibit A

compel the Parole Board to conduct a hearing or to apply the correct law." *Id.* (emphasis added). It seems plain enough that saying something "may" be available is not the same as saying something "is" available.

Given the Pennsylvania Supreme Court's equivocation, we did not consider this to be a conclusive and final clarification of the issue, and we subsequently certified the question to the Pennsylvania Supreme Court. Specifically, we asked:

1. May a person who has been denied parole from a Pennsylvania sentence obtain review from a Pennsylvania state court of a claim that the denial of parole violated the *ex post facto* clause of the United States Constitution?

2. If so, may review be appropriately secured on direct appeal, through a petition for a writ of mandamus, or in some other manner?

*Coady,* 251 F.3d at 489. The Pennsylvania Supreme Court advised that where:

discretionary actions and criteria are not being contested but rather the actions of the board taken pursuant to changed statutory requirements are being challenged, an action for mandamus remains viable as a means for examining whether statutory requirements have been altered in a manner that violates the *ex post facto* clause. Such an action could be brought in the original jurisdiction of the Commonwealth Court. Absent a change in the statutes governing parole, however, denial of parole would generally constitute a discretionary matter that is not subject to review.

*Coady,* 770 A.2d at 290. Importantly, the Pennsylvania Supreme Court in *Coady* provided guidance only as to challenges to denials of parole premised on violations of the *ex post facto* Clause. It specifically held that "parole denial claims are not normally suited to review by way of mandamus." *Id.* at 290. It held, moreover, that "[m]andamus will not lie to compel a purely discretionary act." *Id.*

**\*5** [7] Inasmuch as *Weaver* has never been overruled, we conclude that it is the best indication of how the Pennsylvania Supreme Court would resolve the issues raised by DeFoy. Because the Commonwealth Court's decision in that case is directly on point, it is highly instructive here. Therefore, a Pennsylvania state prisoner challenging the denial of parole need not file a petition for a writ of mandamus in order to satisfy the dictates of exhaustion.

The *Weaver* Court held that mandamus is not available to a prisoner denied parole based upon a constitutional error by the parole board. 688 A.2d at 771-72. The Court explained:

Mandamus is based upon a duty by an agency to follow a law and is available only when, under a correct interpretation of that law, the agency has an absolute ministerial duty-no choice-to act in a certain way. *Mandamus cannot be used to say that an agency considered improper factors,* that its findings of fact were wrong, or that the reasons set forth in its decision are a pretense. If that was the nature of mandamus, there would be no difference between it and an appeal from the agency's decision or other forms of actions to address those concerns.

*Id.* at 777 (emphasis added) (footnote omitted). As in *Weaver,* DeFoy's refusal to admit guilt was the dispositive-albeit potentially improper-factor in the denial of his parole. As the *Weaver* Court explains, however, mandamus is not available to review a parole board's consideration of improper factors. By force of logic, therefore, DeFoy is not entitled to seek a writ of mandamus on his claim.

[8] We do not believe the decision of the Pennsylvania Supreme Court in *Coady* is in conflict with our conclusion. Our certified question in that case concerned the availability of mandamus for challenges to the denial of parole premised solely upon the *ex post facto* Clause, not upon any and all constitutional protections. In response, the Pennsylvania Supreme Court held that mandamus is available where a challenge to the denial of parole is premised on the *ex post facto* Clause. In the same breath, however, it held that "[a]bsent a change in the statutes governing parole ... denial of parole would generally constitute a discretionary matter that is not subject to review [via a petition for writ of mandamus]." *Coady,* 770 A.2d at 290. The Court also explained that "parole denial claims are not normally suited to review by way of mandamus." *Id.* A fair reading of *Coady* suggests a hesitance on the part of the Pennsylvania Supreme Court to permit a writ of mandamus to review the denial of parole.

We therefore read *Coady's* holding narrowly, applying only to *ex post facto* claims. Indeed, if mandamus extended beyond the holding in that case, it would-as the Commonwealth Court explained in *Weaver* -be no different than a direct appeal. *See*

© 2005 Thomson/West. No claim to original U.S. Govt. works.

2005 WL 14809, Defoy v. Mccullough, (C.A.3 (Pa.) 2005)　　　　　　　　　　　　　　　Page 6

*Weaver*, 688 A.2d at 777. And whatever the status of mandamus, it is settled that no direct appeal is available. See *Coady*, 770 A.2d at 289. Thus, mandamus is not available for Pennsylvania state prisoners seeking to challenge the denial of their parole on constitutional grounds other than the*ex post facto* Clause.

**\*\*6** Accordingly, in answer to the question submitted by the District Court, we conclude that claims of constitutional violations in the denial of parole in Pennsylvania need not be presented to the state courts via a petition for writ of mandamus in order to satisfy the requirement of exhaustion. We reverse the District Court to the extent it held otherwise and remand so the District Court may address the merits of DeFoy's petition. (FN4)

### III.

We reverse the judgment of the District Court dismissing DeFoy's claims as unexhausted and remand for proceedings consistent with this opinion.

WEIS, Circuit Judge, concurring.

WEIS, Circuit Judge.

I agree with the result reached by the majority, but arrive there by a different route. In my view, Pennsylvania law provides a procedure through which DeFoy may present his claim to the state courts and indicates that they have jurisdiction over that remedy. However, it would be futile to require him to pursue his efforts in the state forum, because, on several occasions, the Commonwealth Court has denied claims similar to DeFoy's on the merits. Therefore, the District Court should excuse exhaustion of state remedies and proceed to decide the case.

### A.

As the majority notes, the means by which a state prisoner may seek relief in state courts from a denial of parole based on a constitutional violation is a matter of considerable jurisprudential confusion. In *Burkett v. Love*, 89 F.3d 135 (3d Cir.1996), we reviewed the opinions of the Pennsylvania Supreme Court and the Commonwealth Court as of that time and concluded that a prisoner had "available three potential ways of attacking the denial of parole in Pennsylvania courts--appeal, mandamus or habeas corpus."

Following our decision in *Burkett*, the Pennsylvania Supreme Court held that Parole Board decisions are not "adjudications" under state law and, therefore, they are not appealable. *Rogers v. Pa. Bd. Of Prob. & Parole*, 555 Pa. 285, 724 A.2d 319 (Pa.1999). However, in a footnote the Court said,

> "While appellants are not entitled to appellate review of a Parole Board decision, they may be entitled to pursue allegations of constitutional violations against the Parole Board through a writ of mandamus, or through an action under 42 U.S.C. § 1983. (FN5) Mandamus is an extraordinary remedy which is available to compel the Parole Board to conduct a hearing or to apply the correct law."

*Id.* at 323 n. 5 (internal citations omitted).

In *Coady v. Vaughn*, 251 F.3d 480, 489 (3d Cir.2001), we certified a narrow question to the Pennsylvania Supreme Court--may a person who has been refused parole obtain review in a Pennsylvania state court of a claim that the denial "violated the *ex post facto* clause of the United States constitution," and, if so, "may review be appropriately secured on direct appeal, through a petition for a writ of mandamus, or in some other manner." *Coady*, 251 F.3d at 489.

In response to our inquiry, the Pennsylvania Supreme Court acknowledged that "parole denial claims are not normally suited to review by way of mandamus" and "mandamus will not lie to compel a purely discretionary act." *Coady v. Vaughn*, 564 Pa. 604, 770 A.2d 287, 290 (Pa.2001). However, the court explained

**\*\*7** "where ... discretionary actions and criteria are not being contested ... an action for mandamus remains viable as a means for examining whether statutory requirements have been altered in a manner that violates the*ex post facto* clause. Such an action could be brought in the original jurisdiction of the Commonwealth Court."

*Id.*; see also *Hall v. Pa. Bd. of Prob. & Parole*, 578 Pa. 245, 851 A.2d 859 (Pa.2004) (entertaining an appeal from Commonwealth Court's dismissal of a mandamus petition and holding that the *ex post facto* clause had not been violated.); *Finnegan v. Pa. Bd. of Prob. & Parole*, 576 Pa. 59, 838 A.2d 684, 687 (Pa.2003) (citing *Coady* and concluding that mandamus is the "proper avenue for seeking relief" under the *ex post facto* clause of the United States Constitution).

© 2005 Thomson/West. No claim to original U.S. Govt. works.