IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL McCOLE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. 04-261 Erie |
| | ) | |
| PA BOARD OF PROBATION & PAROLE, | ) | Electronically Filed |
| | ) | |
| Respondent. | ) | |

### ANSWER TO AMENDED PETITION FOR WRIT OF HABEAS CORPUS

AND NOW, comes the respondent, by its attorney's, Thomas W. Corbett, Jr., Attorney General, Rodney M. Torbic, Senior Deputy Attorney General, and Susan J. Forney, Chief Deputy Attorney General, Chief, Litigation Section, and hereby files the following answer demonstrating that the writ should not be granted:

1. Michael McCole has amended his petition for writ of habeas corpus to assert an additional due process claim. This new claim is based upon the Commonwealth's receipt of federal funds under the Violent Offender Incarceration and Truth In Sentencing (VOI/TIS) Act, 42 U.S.C. §13701 *et seq.*

2. The Commonwealth qualifies for and receives federal grant money under this Act if it demonstrates that it has implemented correctional policies and programs that are designed to ensure that violent offenders serve a substantial portion of the sentences imposed. See 42 U.S.C. §§13703 and13704.

3. McCole contends that he was denied parole based upon assurances made by the respondent to the federal government to receive these grants, rather than the specific criteria set

forth in 61 P.S. §331.19 that the respondent is required to consider when reviewing an application for parole. See Amended Petition for Writ of Habeas Corpus ¶¶1, 13.

4. McCole's petition raising this additional claim should be denied because: (i) it is untimely; (ii) it is moot; and (iii) his claim lacks merit. The respondent's position is explained in greater detail as follows.

5. McCole asserts that the respondent received grant money from 1996 through 2001 (see Amended Petition at footnote 1), and contends that his parole denials were compelled by the promises made by respondent to receive these funds. See Amended Petition ¶¶13-14. Although McCole refers to documentation attached to his petition memorializing these promises (see Amended Petition at footnote 8), no such documentation is attached to the petition served upon the respondent, nor is documentation attached to the original petition on file with the Clerk's office. Nonetheless, even if McCole's assertions are taken as true and the respondent did receive money from 1996 through 2001, any claim arising out of this happening is too late.

6. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for federal habeas proceedings. See 28 U.S.C. §2244(d)(1). The statute provides that the limitations period shall run from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

See 28 U.S.C. §2244(d)(1).

7. In this case, the limitations period began to run on the date that McCole discovered, or could have discovered through the exercise of due diligence, the factual predicate for his claim. That date is no later than the end of 2001 when, according to McCole, the respondent no longer participated in the grant program. Consequently, McCole's claim is time-barred and his petition should be dismissed.

8. McCole's claim is also moot. Even if he were to succeed here, at best McCole would be entitled to a new substantive parole hearing free from any pressure induced by the federal guidelines. McCole, however, has already been reviewed twice for parole since the respondent purportedly ended its participation in the grant program. He had parole reviews on July 17, 2002, and August 12, 2003. Since the respondent no longer received funds after 2001, any harm to McCole has already been cured by the new reviews.

9. Finally, both state and federal courts have found that claims such as McCole's lack merit. See Carter v. Muller, 45 F.Supp.2d 453 (E.D.Pa.1999); Carter v. Ridge, 1998 WL 57517 (E.D.Pa.1998); Commonwealth v. Boyer, 856 A.2d 149 (Pa.Super.2004); Commonwealth v. Baldwin, 760 A.2d 883 (Pa.Super.2000). To receive a grant under the VOI/TIS, a state must demonstrate that offenders convicted of violent crimes as defined by VOI/TIS "on average serve not less than 85 percent of the prison term established under the state's sentencing and release

guidelines." 42 U.S.C. §13704(a)(1)(C). The cases cited above recognize that the Commonwealth is eligible for VOI/TIS grants because every prisoner serves 100% of his minimum prison term established under the Commonwealth's sentencing and release laws. Additionally, these cases recognize that the Parole Board does not have a policy or practice that requires offenders convicted of VOI/TIS crimes to serve an average of 85% of their maximum prison sentences before those offenders are eligible for parole. Thus, McCole's claim should fail for these same reasons.

10. Even putting aside the qualifying criteria for VOI/TIS grants, the parole decisions attached to McCole's habeas petition illustrate that the respondent deemed McCole eligible for parole, considered him for parole, and denied him parole. Additionally, the VOI/TIS criteria was not mentioned in the parole decisions of August 27, 1999, July 17, 2002, and August 12, 2003, as the basis for the denial of parole. The latest parole review in 2003 cited the following as reasons for the Board's action: reports, evaluations and assessments concerning McCole's physical, mental and behavior condition and history; his interview with the hearing examiner and/or board member; predatory nature of offenses; and high risk to re-offend. See Exhibit 9 attached to Habeas Petition.

11. Thus, McCole's claims are factually inaccurate and, in any event, would not rise to the level to satisfy the "shocks the conscience" standard that governs review of substantive due process claims. See Fagan v. City of Vineland, 22 F.3d 1296 (3d Cir.1994); Johnson v. Rodriguez, 110 F.3d 299, 308-09 (5th Cir.1997).

5

WHEREFORE, it is respectfully requested that the petition for writ of habeas corpus be dismissed.

Respectfully submitted,

THOMAS W. CORBETT, JR.
Attorney General

s/Rodney M. Torbic
Rodney M. Torbic
Office of Attorney General                Senior Deputy Attorney General
6th Floor, Manor Complex                  Attorney I.D. No. 66089
564 Forbes Avenue
Pittsburgh, PA 15219                      Susan J. Forney
                                          Chief Deputy Attorney General
Date: August 18, 2005