IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**MICHAEL McCOLE,**

Petitioner

vs.

**PENNSYLVANIA BOARD OF PROBATION & PAROLE,**

Respondent.

Docket Number

04 - 261E

(Magistrate Judge S.P. Baxter)

## MOTION TO FILE AND SERVE POST-ANSWER SUBMISSION TO ADDRESS RECENT THIRD CIRCUIT COURT DECISION

*And Now Comes,* Pro-se litigant Michael McCole who respectfully avers the following.

1. Petitioner is proceeding pursuant to the applicable rules and statutes governing state prisoners filing federal writs of habeas corpus.

2. Petitioner's claim is that the Respondent Parole Board has in contravention to the United States Constitution's Ex Post Facto Clause 1/ retoractively applied new paroling laws, policies and practices in deciding

---

1/ Per leave of Court, Petitioner has also filed an Amendment to the Petition for Writ of Habeas Corpus claiming a due process violation in connection with Petitioner's 1999 parole review.

to refuse him parole when such considerations were not applicable at the time when the underlying criminal offenses were committed.

   3.   The following documents have been filed with the Court:

- Petition For Writ of Habeas Corpus
- Answer to Petition for Writ of Habeas Corpus
- Motion to Amend Petition For Writ of Habeas Corpus
- Amendment to Petition For Writ of Habeas Corpus
- Answer to Amendment to Petition for Writ of Habeas Corpus 2/

   4.   The Court has not yet made a ruling on the merits of the various matters pending disposition, including the granting or denying of the Petition For Writ of Habeas Corpus.

   5.   In the interim, the Third Circuit Court of Appeals has recently made a ruling that controls this Court's review of Petitioner's Ex Post Facto claim. 3/

   6.   *Richardson* establishes a two prong *ex post facto* inquiry: (1) whether there was a change in the law or policy which has been given retrospective effect, and (2) whether the offender was disadvantaged by the change.

---

2/ Other minor motions have also been filed such as Motions to Extend the Time in which to file and serve documents, and a pending Motion to file an Amendment to the Petition for Writ of Habeas Corpus to include the due process issue which due to inadvertance was misfiled and misanswered by the Respondents.

3/ *Richardson v. PBPP*, 2005 WL 2155505 (C.A.3 (Pa.) 2005).

2

7. *Richardson* held that to violate the *ex post facto* clause, a retroactive change in the law or policy must create a sufficient risk of increasing the measure of punishment attached to the covered crimes; a speculative and attenuated possibility of increasing the measure of punishment is not enough.

8. *Richardson* additionally held that a petitioner seeking habeas relief, on grounds that the 1996 amendments to the Pennsylvania Parole Act as applied to his parole applications violated the *ex post facto* clause, must provide the requisite evidence that he faces a significant risk of an increase in punishment, by showing "*some evidence*" that under the pre-1996 Parole Act, the Pennsylvania Parole Board would likely have paroled the prisoner.

9. *Richardson* moreover has cleared the controversy relative to *Winkespecht's* impact on *ex post facto* claims post-dating *Winklespecht*.4/

---

4/ *Richardson* rejected the argument that *Winklespecht* has dispositive value or any value on the *ex post facto* inquiry: "February 24, 2005, the Pennsylvania Supreme Court made an about-face along the lines of Chief Justice Cappy's dissent, and held in *Cimaszewski*, 868 A.2d at 426-27, that under the U.S. Supreme Court decisions of *Morales* and *Garner*, 'retroactive changes in the law governing parole may violate the *ex post facto* clause.' *Cimaszewski* dispelled any suggestion that *Winklespecht* had interpreted the 1996 amendments as making no substantive change in the criteria for parole."

10. Petitioner is able and would like the opportunity to show the Court that pursuant to the two-prong *Richardson test,5/* he is entitled to relief.

11. The submission addressing *Richardson* is attached hereto and has been served upon Respondent.

*WHEREFORE,* Petitioner prays in relief that the Court enter an Order granting this Motion.

> Respectfully submitted,
>
> *Michael McCole*
>
> Michael McCole
> AS 0521
> SCI Frackville
> 1111 Altamont Boulevard
> Frackville, PA  17931

---

5/ Petitioner has already satisfied the first prong of the test by showing that Respondent applied the Parole Amendment, 331.1, to both of the contested parole reviews.  He attached as exhibits two Board Notifications to the Habeas Corpus petition, (5 & 9) that referenced 331.1 as having been considered. Moreover, Respondent has conceded in an unrelated case now on appeal to the Third Circuit Court that a petitioner had satisfied the first prong based on the same language and facts surrounding Petitioner's two parole review notifications.

4

## Proof of Service

I, the undersigned, hereby certify that on this 20TH day of November, 2005, a true and correct copy of the foregoing documents was served upon the Respondent's Counsel of Record in the manner listed below:

### Service by pre-paid first class mail addressed to:

Rodney M. Torbic
Office of the Attorney General
564 Forbes Avenue
6th Floor, Manor Complex
Pittsburgh, PA  15219

Respectfully submitted,

*Michael McCole*

Michael McCole
AS 0521
SCI Frackville
1111 Altamont Boulevard
Frackville, PA  17931

## RE: <u>McCole v. PBPP</u>, 04 - 261 E  (Mag. Jud. Susan P. Baxter)

Michael McCole
AS 0521
SCI Frackville
1111 Altamont Boulevard
Frackville, PA  17931

United States District Court
Office of the Clerk
Western District of PA
17 South park Row
Erie, PA  16501

Dear Clerk of Court:

    Kindly file and forward a copy of the enclosed Motion and Post-Answer Submission to the Honorable United States Magistrate Judge Susan Paradise Baxter who is sitting on my habeas corpus action.
    Also note that I have enclosed a Proof of Service indicating that a copy of the same has been served upon Respondent's Attorney of Record.

    Thank You.  I remain,

                                  Very truly yours,

                                  *X Michael McCole* (signature)
                                Michael McCole

enc: Proof of Service
      Motion to file post-answer submission
      Post-answer submission