IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL McCOLE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 04-261E |
| ) | JUDGE McLAUGHLIN |
| PA BOARD OF PROBATION AND PAROLE, ) | MAGISTRATE JUDGE BAXTER |
| and SUPT. GRACE, ) | |
| ) | |
| Respondents. ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**

It is recommended that this petition for writ of habeas corpus be dismissed and a certificate of appealability be denied.

**II.    REPORT**

Petitioner, Michael McCole, is a state prisoner incarcerated at the State Correctional Institution at Huntingdon, Pennsylvania. He is serving an aggregate sentence of 16 to 32 years for rape and related offenses, including corrupting the morals of a minor. Sentence was imposed in the Court of Common Pleas of Philadelphia County, Pennsylvania, in 1988. Petitioner challenges the decision by the Pennsylvania Board of Probation and Parole to deny him parole on July 17, 2002, and its later decision to deny parole on August 12, 2003. McCole asserts that the Board's denials violate the Ex Post Facto Clause in that the Board made the protection of the public its pre-eminent consideration in denying parole. In this respect, McCole relies upon the analysis set forth in Mickens-Thomas v. Vaughn, 321 F.3d 374 (3d Cir.) ("Mickens-Thomas I"), cert. denied sub. nom. Gillis v. Hollawell, 540 U.S. 875, 124 S.Ct. 229 (2003). In McCole's view, Mickens-Thomas requires that he be released from custody due to the Board's improper reliance on the "new" factors introduced by the 1996 amendment to Pennsylvania's parole statute.

The Commonwealth has responded to the petition (Docket #9) and asserts that McCole has not properly exhausted his claim or, in the alternative, that his claim is barred by procedural default. McCole counters in his traverse (Docket #12) that he exhausted state court remedies with respect to the 2002 proceeding. He concedes, however, that he did not attempt to appeal the Board's 2003 decision to the Pennsylvania courts, but argues that this would have been futile since Pennsylvania courts have routinely rejected similar arguments concerning ex post facto claims in the context of parole decisions, and that it had just rejected his own claims concerning the 2002 parole denial. The Commonwealth maintains that McCole's challenge to the 2002 parole denial is mooted by the 2003 denial, and also argues that McCole has failed to establish an ex post facto violation in any event. The petition is ripe for disposition.

**1. Mootness.**

McCole seeks to challenge both the Board's 2002 decision, and its 2003 decision, each denying him parole. However, since the remedy available under Mickens-Thomas I for an ex post facto violation would be a new hearing, any challenge to the earlier parole denial is mooted by the Board's parole denial of August 12, 2003. See Johnson v. Lavan, 2004 WL 1622051 (E.D. 2004) (adopting magistrate judge's report at 2004 WL 1291973, page cite at *4 n. 4); Gauche v. Lavan, 2005 WL 1324859 (M.D.Pa.,2005)(challenges to all but most recent parole denial are moot since remedy would be remand for new hearing). Thus, the Court will not consider McCole's challenge to the Board's 2002 parole denial and will, instead, only address McCole's claim regarding the August 12, 2003 denial of parole.

**2. Exhaustion.**

McCole concedes that he never attempted to appeal the Board's 2003 decision. Where a challenge is based on the Board's application of new statutory requirements, an ex post facto challenge may be brought in the Commonwealth Court. Coady v. Vaughn, 564 Pa. 604, 770 A.2d 287, 290 (2001). McCole does not contest that such a remedy was available, but asserts that it would have been futile since the state courts do not agree with his ex post facto claim, as evidenced by their

- 2 -

rejection of his challenge to the 2002 parole denial on the same grounds. Recent precedent from the Court of Appeals for the Third Circuit requires that this court reject McCole's futility argument.

In <u>Parker v. Kelchner</u>, 429 F.3d 58, 61 (3d Cir. 2005), the district court granted relief to a petitioner who challenged the Board's denial of parole on ex post facto grounds. The district court reached the merits of the claim only after finding that exhaustion was excused due to the futility of raising an ex post facto claim in the Pennsylvania courts. The Court of Appeals reversed, and dismissed the petition, finding that the lower court committed error by excusing exhaustion of an ex post facto claim. "[S]tate courts should have been given the opportunity to review [a petitioner's] ex post facto claim . . .." 429 F.3d at 64. The same result necessarily applies here. McCole has not exhausted available state court remedies as to his 2003 parole proceeding and, as <u>Parker</u> teaches, an ex post facto challenge to a parole decision must be dismissed absent exhaustion of available state court remedies.

### 3. Merits.

Even if this court were to address the merits of petitioner's ex post facto claim, it would find that no violation has occurred. The Board's August 12, 2003 decision cites the following reasons for denying parole:

> Reports, evaluations and assessments concerning your physical, mental and behavior condition and history.
>
> Your interview with the hearing examiner and/or board member.
>
> Predatory nature of offenses.
>
> High risk to re-offend.

(Docket #9, Exhibit B). McCole argues that, prior to the 1996 amendments to the Pennsylvania statute, release on parole would have been "presumed." (Docket #11 at 3). He argues that the failure to follow pre-1996 guidelines for considering his parole application is fatal to the Board's decision (<u>Id</u>., at 6). The Court of Appeals' decision in <u>Mickens-Thomas</u> requires, in petitioner's view, that this court immediately order his release on parole (<u>Id</u>., at 11).

McCole misreads applicable precedent. Of course, with the "unsettled and evolving

- 3 -

nature of [the] jurisprudence" in the area of habeas challenges to Pennsylvania parole denials, it is perhaps not surprising that the precedent in this area sparks confusion. E.g., Parker, 429 F.3d at 64 (noting unsettled and evolving nature of Pennsylvania Supreme Court precedent concerning the availability of relief for ex post facto parole claim). The Court of Appeals has recently provided an overview of the evolution of claims such as McCole's, and that overview informs this court's decision on the merits of McCole's claim:

> The Pennsylvania Supreme Court first addressed the ex post facto implications of the changes to the parole laws in Winklespecht v. Pennsylvania Board of Probation and Parole, 571 Pa. 685, 813 A.2d 688, 691 (2002). In that case, Justice Eakin reasoned that the 1996 Amendments did not create a new offense, increase the penalty for an existing offense, or create a substantial risk that parole would be denied more frequently, and therefore it did not violate the Ex Post Facto Clause. Id. at 691-92. Winklespecht, however, featured the opinions of four different judges and no clear majority opinion emerged.
>
> Following Winklespecht, we weighed in on the Ex Post Facto question in Mickens-Thomas v. Vaughn, 321 F.3d at 392. In Mickens-Thomas, we concluded that the Parole Board interpreted the amendments to the parole statute in a way that fundamentally altered the parole application reviewing process by placing primary importance on public safety as a consideration of whether to grant parole. Id. at 384-85. The Pennsylvania Supreme Court responded in Finnegan v. Pennsylvania Board of Probation and Parole, 576 Pa. 59, 838 A.2d 684, 690 (2003), recognizing our decision in Mickens-Thomas, but also noting its limited application. It then took the opportunity to "reiterate that the 1996 revision of § 331.1 of the Parole Act does not violate the ex post facto clause when applied to a prisoner convicted prior to the revision." Id.
>
> Shortly thereafter, a plurality of the Pennsylvania Supreme Court took the opportunity in Hall v. Pennsylvania Board of Probation and Parole, 578 Pa. 245, 851 A.2d 859, 865 (2004), to expressly disagree with our decision in Mickens-Thomas. Hall, however, offered no further Ex Post Facto analysis.
>
> Most recently, the Pennsylvania Supreme Court revisited the 1996 parole amendments in Cimaszewski v. Board of Probation and Parole, 582 Pa. 27, 868 A.2d 416, 427 (2005). Although again fragmented, a clear majority of the court explicitly rejected Finnegan and held that "under Garner [v. Jones, 529 U.S. 244, 120 S.Ct. 1362, 146 L.Ed.2d 236 (2000) ] and [California Dept. of Corrections v.] Morales, [514 U.S. 499, 115 S.Ct. 1597 (1995),] the 1996 amendment may be shown to violate the ex post facto clause if an inmate is able to demonstrate that the 1996 amendment, as applied to him, creates a significant risk of prolonging his incarceration." Id. In our recent decision in Richardson v. Pennsylvania Board of Probation and Parole, 423 F.3d 282, 2005 WL 2155505 (3d Cir. Sept. 8, 2005), we recognized that the Cimaszewski decision had squarely answered in the affirmative that the 1996 Amendments had changed the substantive criteria for parole in Pennsylvania and that **a petitioner who could demonstrate individual disadvantage from retroactive application of the 1996 Amendments could prevail on an ex post facto claim**. Id. at *8.

429 F.3d at 64 (emphasis added). As this synopsis of Mickens-Thomas I and subsequent state and federal case law establishes, an ex post facto claim premised upon the "changes" engendered by the 1996 amendment of Pennsylvania's parole statute requires that a petitioner establish "individual disadvantage." In this case, McCole's burden is to show that the 1996 amendments, as applied in this case, created a significant risk that his incarceration would be prolonged. Richardson, supra.

The reasons set forth by the Board for denying parole to McCole are entirely in line with the pre-1996 requirements of the Parole Act. See, e.g., Mickens-Thomas I, 321 F.3d at 378. Further, unlike the Board's decision in Mickens-Thomas I, the Board's August 12, 2003 decision in this case reflects that it did not expressly give additional weight to public safety concerns. There is no indication on this record that the 1996 amendments to Pennsylvania Parole Act had any effect on the decision to deny McCole parole. In fact, McCole's history of predatory sexual assault leaves little doubt that McCole would have been denied parole regardless of the enactment of the 1996 amendments to the Parole Act. Therefore, as required under Richardson, McCole has not shown that he was personally disadvantaged by the use of the 1996 amendments. Compare, Rivera v. Gillis, 2006WL208803 (M.D.Pa. 2006)(specific reasons for denying parole were reasons appropriately considered pre-1996). Since a violation of the Ex Post Facto Clause has not been established, McCole's claim should be dismissed.

### C.    Certificate of Appealability

Section 102 of AEDPA, 28 U.S.C. § 2253(c), codifies standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[a] certificate of appealability may issue … only if the applicant has made a substantial showing of the denial of a constitutional right." In the case at bar, McCole has not made any showing that he has been denied any of his constitutional rights. Accordingly, a certificate of appealability should be denied.

### III.    CONCLUSION

It is respectfully recommended that this petition be dismissed and a certificate of appealability be denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten (10) days from the date of service to file objections to this report and recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

    /s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
UNITED STATES MAGISTRATE JUDGE

Dated: February 6, 2006