IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

Michael Mc Cole

(petitioner)

v.

PA Board of Probation and Parole,

(respondents)

FILED

'06 SEP 18 A10:55

D.C. No.:04-cv-261E

Evidentiary Hearing Requested

### PETITIONER'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

To the Honorable Judge Sean McLaughlin:

**PETITIONERS OBJECTIONS TO MAGISTRATE JUDGES REPORT AND RECOMMENDATION**

1. Petitioner respectfully submits pursuant to 28 U.S.C.§636 (b) (1) (B) (C) the following objections to Magistrate Judge Baxter's Report & Recommendation (hereinafter R.R.), and for the following reasons petitioner respectfully requests this Honorable Court to reject the Magistrate's findings and recommendations that the petitioners habeas corpus be dismissed.

**STATEMENT OF THE CASE**

2. Petitioner filed a petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254. Petitioner asserted that his denial of Parole violated due process -and- the Ex Post Facto Clause.

3. The respondents filed their answers and petitioner filed his replies.

4. Magistrate Judge Baxter issued a R.R. recommending the Court dismiss the petition and a certificate of appealability be denied.

5. The court adopted the R.R. and dismissed the petition as recommended.

6. Petitioner filed a timely Notice of Appeal to the Third Circuit Court of Appeals, along with a request for certificate of appealability and motions.

7. On September 6, 2006 the Third Circuit Court of Appeals granted petitioners Motion for a remand to the District Court to file objections to the R.R. and stayed all other proceedings until this Court rules on petitioners objections.

8. On September 6, 2006 pursuant to the Third Circuit's remand, this court re-opened the Habeas petition and gave petitioner until on or before September 21, 2006 to file his objections.

9. These objections to the R.R. follow.

10. Petitioner respectfully "OBJECTS" to all portions of the R.R. and submits the following in support of his objections.

11. When objections are filed to a report of a magistrate judge, this Court makes a De Nova determination of those portions of the report or specified proposed findings or recommendations made by the magistrate judge to which there are objections. United States v. Raddatz, Accord. 28 U.S.C. §636 (b) (1). As such, petitioner submits the following objections.

**OBJECTIONS TO THE R.R. ON MOOTNESS**

13. Petitioner respectfully submits both the Board's 1999 decision, 2002 decision, and it's 2003 decision denying petitioner parole were properly raised . The earlier parole denials are not mooted by the Board's parole denial of August 17, 2003, due to, **See: Irons v. Warden Cal. State Prison**, 358 F.Supp.2d 936 (E.D. Cal. 2005) (petitioner is still in custody as a result of the 2001 suitability hearing. Then he had two (2) subsequent parole suitability hearings since that time does not render his challenges to the 1999 and 2002 hearings moot.) Id. **Irons, at** 948, as well as, any and all prior parole denials are not moot if petitioner will again be subject to the same denial of parole in the future. **Id. Irons , supra,** citing, **Hubbard v. Knapp**, at 948. There are collateral consequences as a result of the 1999, 2002 parole denials in petitioners case. Petitioner was ordered by the board to serve time from 1999 until 2002, and then from 2002 until 2003 without being given any reasons for the denials. As such, that petitioner had subsequent hearings in 2002 and 2003 does not render the 1999 or 2002 parole denials as moot. As such, both parole denials are properly before the Court. **Id. Irons supra, Hubbard, supra.** See also:**Lewis v. Solis,** 2005 WL 3454137 (N.D. Cal. 2005) citing, **Hubbard, supra, Id. at F.N.2.** As such, the 1999, 2002 and 2003 parole denials are properly before the Court, Wherefore, the Court should reject the R.R. on the mootness findings and allow petitioner's assertions regarding the 1999, 2002, and 2003 parole denials to proceed as he is still in custody as a result of both decisions.

**OBJECTIONS TO THE R.R. ON EXHAUSTION**

13. The magistrate judge recommends that the 2003 parole decisions be rejected and the petition dismissed for failing to exhaust State Court remedies with respect to the 2003 parole denial on Ex Post Facto claims based on the Third Circuit's decision See: **Parker v. Kelchner**, 429 F.3d 58, 61 (3rd Cir. 2005), due to petitioner failing to exhaust the 2003 parole decision in State Court. Petitioner respectfully submits exhaustion should be excused in petitioners case due to there is no state corrective process available in State Court to correct the constitutional claim (Ex Post Facto due to, petitioner relied heavily on the statistics from the grants of parole to prove his Ex Post Facto claim and individual disadvantage. The Supreme Court of PA. in the case of Cimaszewski v. PBPP, 868 A.2d 416 (PA. 205), **"rejected" and held it was not sufficient for a petitioner to merely rely on the same statistics cited in Mickens Thomas.** The Third Circuit held in Richardson v. PBPP, 423 F.3d 282 (3rd Cir. 2005), a petitioner can cite to the statistics to prove an EX Post Facto violation and individual disadvantage. The Court further held in Richardson, supra, (The PA Supreme Court is the final arbiter of Pa. Law) **Id. at Bar (7) Richardson, supra.** AS such the Pa. Supreme Court rejecting the statistics from the grant of parole in **Cimaszewski, supra,** as well as the two (2) most recent cases from the Commonwealth Court rejecting Ex Post Facto claims and the statistics from grants of parole should excuse exhaustion. See: **Sheffield v. Dept. of Corrections**, 894 A.2d 836 (Pa. Commonwealth CT. 2006), Accord. **Evans v. PBPP,** PICS case no. 06-1107 (PA. Commonwealth Ct. Aug 16, 2006) (same rejecting Ex Post Facto -and- statistics from parole grants). As such, all state court decisions rejecting the statistics

as evidence to prove disadvantage and an Ex Post Facto violation were rejected based on the **Cimaszewski, supra** case. Thus, even before **Cimaszewski, supra**, The Pa Supreme Court rejected the statistical data regarding parole denials. See: **Hall v. PBPP,** 851 A.2d 859. As such, based on the Pa Supreme Court's decisions in **Cimaszewski and Hall, supra**, and Commonwealth Court decisions in **Sheffield and Evans, supra,** rejecting the statistical data regarding parole denials, it will be futile to attempt to exhaust petitioners Ex Post Facto claims because the State Court rejecting the statistical date regarding the denial of parole as evidence to prove an EX Post Facto claim -and- individiual disadvantage. As such there is no state corrective process to correct petitioners claims on EX Post Facto as petitioner is relying on the statistical data regarding the denial of his parole applications. As such, exhaustion should be excused. Petitioner further submits, exhaustion should be excused and the rule of **"Stare Decisis"** shall apply due to the Supreme Court of PA's Three (3) back to back to back decisions affirming the amendments to Parole Act at **61 P.S. §331.1** did not violate the Ex Post Facto Clause. Id. See: **Winklespecht,** 813 A.2d 688, **Finnegan,** 838 A.2d 684, **Hall,** 851 A.2d 859. As such, there was no reason to believe at the time of the petitioners filings that a different result would occur. As such, before the **Cimaszewski, supra** case, petitioner was following clearly established PA Supreme Court Law, **Winklespecht and Finnegan, supra.** As such, it was also recognized by The Honorable Justice Eakins in his concurring and dissenting opinion in **Cimaszewski, supra** that the rule of **"Stare Decisis"** declares that for the sake of certainty, a conclusion reached in one case should be applied to those which follow, **Id. Cimaszewski, supra, at Justice Eakins** dissenting opinion, citing Tilghman, 543 PA. 578, 673 A.2d 898, 903 F.N.9 (Pa. 1996). As such, Federal Courts are required under the Constitution in diversity cases to apply the law of the state, as it would be interpreted by the State Supreme Court in the circumstances. See: **Erie R.R. Co. v. Tompkins,** 304 U.S. 64 (1938). As such, exhaustion shall be excused and the rule **"Stare Decisis"** shall apply because there is no state corrective process available to correct the constitutional violations on Ex Post Facto claims when a petitioner **like petitioner,** is submitting and relying on the statistical data from the denial of parole to prove his Ex Post Facto -and- individual disadvantage by the retroactive applications of the 1996 Amendments to the Parole Act **61 P.S. §331.1,** As such, the magistrates' R.R. on Exhaustion should be rejected by the Court for all reasons herein.

**OBJECTIONS TO THE R.R ON THE MERITS OF PETITIONER'S CLAIMS**

14. Petitioner submits the magistrate's factual -and- legal findings and conclusions pertaining to petitioners Ex Post Facto -and- Due Process claims are factually and legally incorrect and should not be accepted by the Court due to, petitioner has submitted sufficient evidence of disadvantage to prove his Ex Post Facto claim when petitioner submitted the statistics of grants and denials of parole for violent offenders, **Id.** See: **All Statistical data submitted to the Court, thus, statistics of grants of parole and denials of parole for violent offenders.** As such, petitioner has clearly put forth evidence to show the parole grants were down to around 28% in year 2004, Wherefore, parole grants were up to around 77-80% in the early 1990's. See: **Attached Exhibit A,** for the sake of certainty. As such, petitioner has put forth

sufficient evidence of disadvantage from the retroactive application of the 1996 Parole Act Amendments **61 P.S.§331.1** in petitioners case. Thus, entitling petitioner to relief on his Ex Post Facto claim, Id. See: **All exhibits and statistics submitted as part of these objections and as part of the record that is before the Court.** As such the Magistrates R.R. should be rejected on petitioner not proving an individual disadvantage and Ex Post Facto violations.

**OBJECTIONS TO R.R. ON MAGISTRATE NOT RULING ON PETITIONERS EX POST FACTO CLAIM ON (VOI/TIS) CLAIMS.**

15. Petitioner has submitted sufficient evidence to prove the PA Parole Board (Commonwealth Of PA Agency) received federal funds under the **Violent Offenders Incarceration** and **Truth in Sentencing (VOI/TIS)** Act, **42 U.S.C. §13701, et seq**, to incarcerate petitioner over 100% of minimum because of the VOI part of the act by removing the fair and impartial hearing afforded by Law in 1999 parole hearing. As such, the Court should make a finding on this claim as the magistrate judge failed to do so.

**PETITIONERS OBJECTIONS TO MAGISTRATE'S FACTUAL FINDINGS ON THE BOARD'S 2003 DECISION**

16. Petitioner submits, the magistrate's factual and legal findings as to the Board's August 17, 2003 parole denial cannot be based on the record that was submitted to this Court by the respondents. The only evidence submitted by the respondents pertaining to the 2003 parole denial was the August 12, 2003 parole denial itself. Clearly the parole denial refers to the amended parole act **61 P.S. §331.1**. Petitioner is unable to determine what the board meant by citing reports, evaluations, assessments, concerning petitioners physical, mental, and behavior condition and history because these reports, evaluations, etc. were never turned over to the Court nor to the petitioner in respondents answer to the allegations of the petition. The same goes with the reasons given, "your interview with the hearing examiner/board member", because the 2003 board notice fails to advise petitioner what it was about the interview so petitioner could correct it for his next review. Petitioner does not know if the 2003 parole denial was based on the parole decision making guidelines because, if so, the decisional protocol, "the decision making guidelines" were not turned over to the Court nor to the petitioner by the respondents in their response. As such, without knowing for certain how the board arrived at it's 1999 2002, and 2003 decisions to deny petitioner parole and give petitioner a review date for five (5) years later (June 2008), the magistrate cannot assume just because of petitioners history there is no doubt he would have been denied parole regardless of the 1996 amendments to the parole act. **Id. R.R. at page 5.**

As such, the facts of the reasons given for the 2003 parole denial are in dispute due to the board/respondents never turned over the parole record to the Court nor to petitioner in answer. Petitioner put forth sufficient evidence of rehabilitation, home plan, institution recommendation, etc. that outweigh the boards reason for denying parole. As such, release on parole is a board policy presumption and parole should be granted countervailing negative factors affirmatively outweigh reasons supporting release, Id. See: **Mickens-Thomas I** 321 F.3d at 393. As such, the Supreme Court has held, "the behavior record of an inmate during confinement is critical in the sense that it reflects the degree to which the inmate is prepared to adjust to parole release". Id. **Greenholtz,** 442 U.S. at 15. As such,

there was no evidence submitted by respondents in response that would demonstrate petitioners inability to adjust to parole release. Saying this, the Magistrates factual findings that petitioner would have been denied parole based on petitioners history regardless of the 1996 amendments to the Parole Act should not be accepted by the Court. Wherefore, the Court should order the complete parole record to be turned over. Receive evidence from the Parole Board and petitioner, hold an evidentiary hearing and try the facts anew. See: **Richardson v. PBPP,** 423 F.3d 282 (3rd cir. 2005) Accord. **Rule 8, Rules governing Sec. §2254 cases,** See also: **Townsend v. Sain,** 372 U.S. 293 (1963) ("When the facts are in dispute, the Federal Court must hold an evidentiary hearing) Id. 372 U.S. at 312. Petitioner further submits the magistrate judge failed to make any factual findings as to the 1999 Board action. As such petitioner makes a specific objection to the R.R. for failing to address the merits and argument concerning the 1999 Board Action. As such, See: **LaConte v. Dugger,** 847 F.2d 745, 750 U.S. 958 (1988) (District Court must consider factual issues De Novo if any party files timely and specific objections to Magistrate judge's findings). As such, the Court should consider the factual issues presented to the Court pertaining to the 1999 parole decision and issue a ruling on the merits. As such the R.R. should be rejected for all reasons herein.

17. Petitioner further submits, the 2002 parole denial clearly violated petitioners Due Process rights under the 14th amendment because petitioner had an entitlement to a statement of reasons for the denial of parole under **61 P.S. §331.22** See: **Voss v. PBPP** 788 A.2d 1107 (PA. Commonwealth Ct. 2001). As such, petitioner had a right to due process in 2002 when reviewed for parole. Id. **U.S.C.A. Const. Amend. 14 Accord. To Greenholtz v. Inmates Of Nebraska Inst.** 442 U.S. 1 (1979). As such, the writ should be granted on Due Process claims raised.

**CONCLUSION/RELIEF REQUESTED**

19. Wherefore for all reasons herein, the Court should reject the R.R., receive the evidence from petitioner, order the Parole Board to turn over the Parole Board record, hold a hearing, try the facts anew and grant the Writ of Habeas Corpus and order petitioners release on parole. If not then grant a certificate of appealability.

Respectfully Submitted,

Dated: 9/11/06

*Michael Mc Cole* (signature)

Michael Mc Cole **pro se**
AS-0521  AC-28

cc:   file

Michael Mc Cole
AS-0521  AC-28
1111 Altamont Blvd.
Frackville, PA 17931-2699

Clerk of Courts for U.S. District Court of PA

~~██████~~  P.O. BOX 1820

Erie, PA 16501

RE: Case No. 04-261E and C.A. 06-1854

Dear Clerk:

Enclosed please find one (1) original and two (2) copies of Petitioner's ~~██████~~ Objections to Magistrate's Report & Recommendation for filing.

Let me also thank you for your courteous and professional service with regard to all matters in the above enumerated case.

Respectfully Submitted,

Dated: 9/11/06

*Michael Mc Cole*

Michael Mc Cole
AS-0521  AC-28

cc: file
~~██████~~

CERTIFICATE OF SERVICE

I certify I am sending for filing appelllant's original plus two (2) copies of of Petitioner objections to magistrates report + recommendation to:



U.S. District Court for Western PA.
P.O. Box 1820
Erie, PA 16507

I am also sending one (1) copy to :

MR. Kemal A. Mericli

th Floor Manor Complex
564 Forbes Ave.
Pitt., PA 15219

VERIFICATION

I verify that all statements made herein are true and correct to the best of my personal knowledge, information and belief according to 28 U.S.C. § 1746

Dated: 9/11/06

Respectfully,

Michael Mc Cole
AS-0521  AC-28

## Certificate of Mailing (PS Form 3817)

**U.S. POSTAL SERVICE CERTIFICATE OF MAILING**

MAY BE USED FOR DOMESTIC AND INTERNATIONAL MAIL. DOES NOT PROVIDE FOR INSURANCE — POSTMASTER

Received From:
Michael McCole AS-0521 AC-28
1111 Altamont Blvd.
Frackville, PA 17431-2679

One piece of ordinary mail addressed to:
Petitions objections to Mag's R+R.
U.S. District Court Western PA
Clerk of Courts
P.O. Box 1820
Erie, PA 16507

Affix fee here in stamps or meter postage and post mark. Inquire of Postmaster for current fees.

PS Form 3817, Mar. 1989

---

## DC-138A CASH SLIP

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**

**1. REQUISITIONING INMATE**

| DOC NUMBER | NAME (PRINT) | LOCATION | DATE |
|---|---|---|---|
| AS-0521 | Michael McCole | AC-28 | 9/11/06 |

**2. ITEMS TO BE CHARGED TO MY ACCOUNT**

postage for envelope and certificate of mailing to
— U.S. District Ct. Western PA

envelope to:
— KEMAL A. MERICLI

**3. INMATE'S SIGNATURE**: Michael McCole
**4. OFFICIAL APPROVAL**:

**5. BUSINESS OFFICE'S SPACE**

| CHARGE ENTERED $ | DATE | BOOKKEEPER |
|---|---|---|
| | | |