**\*RESUBMIT DPS-310**                                                   **November 22, 2006**
                                                                                                August 24, 2006

## UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

C.A. No. **06-1854**

MICHAEL MCCOLE

    VS.

PENNSYLVANIA BOARD OF PROBATION AND PAROLE, ET AL.

    (W.D. PA. CIV. NO. 04-CV-00261E)

Present:   FUENTES, CHAGARES AND VAN ANTWERPEN, <u>CIRCUIT JUDGES</u>

    Submitted are:

    (1)    Appellant's request for a certificate of appealability under 28 U.S.C. § 2253(c)(1);

    (2)    Appellant's motions to take judicial notice

    **\*(3)**    **Appellant's motion to amend certificate of appealability; and**

    **\*(4)**    **Appellant's motion to reopen appeal;**

    in the above-captioned case.

                                                                    Respectfully,

                                                                    Clerk

MMW/JTD/nf/lwc

_____ORDER_____

**The foregoing** motion is ruled upon as follows. Although it is unnecessary under the circumstances of this case, appellant's motion to reopen his appeal is granted. We further grant appellant's motion to amend his application for a certificate of appealability to the extent that it raises challenges to the district court's resolution of his objections.

However, to the extent appellant attempts to raise new claims on appeal, his motion to amend is denied.

Appellant's application for a certificate of appealability is denied because appellant has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c); Slack v. McDaniel, 529 U.S. 473, 484 (2000). The district court's conclusion that appellant failed to show he was personally disadvantaged by the 1996 amendments to the state parole statute, and therefore failed to establish a violation of the ex post facto clause with respect to the 2003 denial of parole, would not be debatable among jurists of reason. See Richardson v. Pa. Bd. of Prob. & Parole, 423 F.3d 282, 291-92 (3d Cir. 2005). Appellant's claim that the 2002 denial of parole violated the ex post facto clause is moot given that appellant already received another parole hearing, and failed to show that this subsequent hearing violated the ex post facto clause. Further, no COA will issue for appellant's due process claim based on Pennsylvania's alleged receipt of federal funds under the Violent Offender Incarceration/Truth-In-Sentencing Grants Act, 42 U.S.C. § 13701, *et seq.*, because it is time-barred. See 28 U.S.C. § 2244(d)(1)(D). Appellant's request that this Court issue a certificate of appealability on the question of whether the district court should have allowed him to file objections to the Magistrate Judge's Report and Recommendation is denied as moot in view of our prior remand allowing appellant to file the aforementioned objections. Appellant has not shown that the district court abused its discretion in denying appellant an evidentiary hearing.

In addition, appellant has filed two motions to take judicial notice which seek to bring to our attention various cases and documents that were previously filed before the district court. The case law and documents relevant to this appeal have been reviewed. Accordingly, these motions are unnecessary and are denied.

By the Court,

 /s/ *Franklin S. Van Antwerpen*
Circuit Judge

Dated:   December 6, 2006

lwc/cc:   Mr. Michael McCole
          Mary L. Friedline, Esq.
          Kemal A. Mericli, Esq.



**A True Copy:**

*Marcia M. Waldron*

Marcia M. Waldron, Clerk